# NO. 12-18-00187-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK RANDALL BEASLEY,* *APPELLANT* | § | *APPEAL FROM THE 115TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *UPSHUR COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Mark Randall Beasley appeals his convictions for aggravated sexual assault of a child, four counts, and indecency with a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

Appellant was charged by indictment with four counts of aggravated sexual assault of a child, a first degree felony.[1] He was also charged with one count of indecency with a child, a second degree felony.[2] Appellant pleaded "guilty." He and his counsel signed a stipulation of evidence in which Appellant swore, and judicially confessed, that the facts alleged in the indictment, i.e., four counts of aggravated sexual assault of a child and one count of indecency with a child, were true and correct, and constituted the evidence in the case. The trial court accepted Appellant's guilty pleas, and adjudged Appellant guilty of four counts of aggravated sexual assault of a child and one count of indecency with a child.

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (ii), (2)(B), (e) (West 2019).

[2] TEX. PENAL CODE ANN. § 21.11 (a)(1), (d) (West 2019).

Appellant elected for the jury to assess punishment. At the punishment trial, the evidence showed that the child, the subject of this case, C.B., was adopted from foster care along with her younger sibling, H.B., by Appellant and his wife, Sharon. At the time of the adoption, C.B. was four years old and H.B. was eighteen months old. Both Appellant and Sharon read the entire redacted file on the children's past. That file included information that C.B.'s and H.B.'s biological mother's parental rights were terminated because she was a drug addict and had a criminal background. Further, C.B.'s biological mother made her part of a child pornography ring from the age of two years old to almost four years old. C.B. also suffered sexual abuse during this time.

An investigation into Appellant began when the Department of Family and Protective Services (the Department) contacted Freddie R. Fitzgerald, a sergeant in the Criminal Investigation Division of the Upshur County Sheriff's Office, and advised him of a report from a pastor concerning Appellant. The pastor informed Fitzgerald that Appellant told him that he had been "inappropriate" with C.B. According to Fitzgerald, C.B. did not initially make an outcry against Appellant because she said she loved him and that he was the "best daddy" she ever had. However, C.B. made an outcry against Appellant in January 2018, giving a detailed description of the sexual abuse committed by Appellant. C.B. said that the sexual abuse was painful, that she asked Appellant to stop, and that he sexually abused her more than twenty times. According to C.B., the sexual abuse occurred at her home, that Appellant touched her on the breast, bottom, and vagina, that he touched her under her clothing, and that he asked her to keep his sexual abuse a secret.

After C.B.'s outcry, Fitzgerald met with Appellant. He told Fitzgerald that nothing happened to the children while in his care. He was "very adamant" and defensive after being informed of C.B.'s allegations and blamed C.B., stating that she was a liar and had an imagination. Appellant stated that he had "inappropriate thoughts" about C.B., but never acted on those thoughts. In an interview with Fitzgerald two days later, however, Appellant admitted sexually abusing C.B. He stated that he touched C.B. outside of her clothing and under her clothing including her vagina, breasts, and anus, penetrated C.B. with his fingers, made C.B. kiss and massage his penis outside of his clothes, and placed his penis in C.B.'s mouth. He also stated that he developed a "game" with C.B. called "kissing the freckles," in which he would kiss C.B.'s freckles beginning on her face, arms, belly, chest, and around her breasts. According to Appellant, he touched C.B. more than twenty times at their house and swimming pool, and that it occurred

2

because he was not getting enough attention from Sharon. He stated that it was his way of showing love and affection to C.B. He also said that C.B. told him that the sexual abuse hurt and asked him to stop. However, according to Fitzgerald, Appellant showed no remorse and stated that he did not sexually abuse C.B.'s younger sister, H.B., because H.B. was "innocent."

At the conclusion of the punishment trial, the jury assessed Appellant's punishment at life imprisonment for each of the four counts of aggravated sexual assault of a child,[3] and twenty years of imprisonment for the sole count of indecency with a child.[4] The trial court ordered that Appellant's sentence for count one be run concurrently, and all other sentences be run consecutively. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[5]

Appellant filed a pro se brief and raised two issues. First, he argued that his trial counsel rendered ineffective assistance of counsel by failing to properly voir dire and strike five jury members who had strong associations with children, and who chose "punishment," not "rehabilitation," as the purpose of the criminal justice system. Further, Appellant argued that his trial counsel should have polled the jury, specifically those five jurors, after he was sentenced

---

[3] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.32 (West 2019).

[4] An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33 (West 2019).

[5] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief.

disproportionately in order to determine the existence of any partiality or bias. Finally, he contends that his trial counsel had an "obligation" to help Appellant "effectively[] avoid[]" a sentence of life imprisonment.

In his second issue, Appellant argued that his trial counsel rendered ineffective assistance of counsel by failing to object to the State's improper and prejudicial remarks during the punishment trial. In particular, he complained that the State's counsel invoked religion into a decision for jury consideration and expressed his personal religious beliefs and opinions, depriving Appellant of a fair sentencing.

When faced with an *Anders* brief and pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).


## CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See id.* Accordingly, we *affirm* the judgment of the trial court. *See* TEX. R. APP. P. 43.2.

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits and now *grant* counsel's motion for leave to withdraw.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the

Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 11, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 11, 2019

NO. 12-18-00187-CR

**MARK RANDALL BEASLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 115th District Court

of Upshur County, Texas (Tr.Ct.No. 17936)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*